UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DESHAWN POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:25-cv-03267-MMM |
| | ) |
| COLLEEN KERVACS, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Vandalia Correctional Center, asserts claims based on actions of Springfield Police Officers, Notary Publics, and an Assistant Sangamon County State's Attorney.

**I.    MERIT REVIEW**

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Springfield Police Sergeant Colleen Kervacs, Notary Public Crysta Pipken, Notary Public Kathern Lee, Springfield Police Sergeant Anthony Smiddy, and Assistant State's Attorney Thomas Maddox.

Plaintiff alleges that from April 16, 2025, through May 15, 2025, Sgt. Kervacs forged notary Pipken's signature on charging documents. He alleges this occurred as to numerous criminal defendants in Sangamon County, resulting in detention of defendants based on non-valid instruments. Aside from this allegation against Kervacs, it is unclear the other named Defendants' specific alleged involvement or wrongdoing.

Plaintiff is in prison, apparently having been convicted on charges out of Sangamon County. He seeks criminal charges against Defendants and includes allegations about potential harm to others and the community related to copying of notary signatures on charging documents.

Plaintiff's allegations do not state a claim. This Court is unaware of any requirement under federal law that a charging instrument be notarized at all. And Plaintiff does not allege that any charging instrument was factually false such that Plaintiff was knowingly caused to be detained in the absence of probable cause that a crime had been committed. Violations of state laws, policies, and practices do not equate to violations of the United States Constitution. Finally, to the extent Plaintiff seeks to allege that he was improperly convicted, any such claim is barred unless and until his conviction is overturned or invalidated. *See Whitfield v. Howard*, 852 F.3d 656, 658 (7th Cir. 2017).

## II. REQUEST FOR COUNSEL

This Court does not have the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55.

Plaintiff has not made a reasonable attempt to find counsel on his own and has not indicated that he is being prevented from doing so. First, there is no indication that Plaintiff does not have access to writing materials and to the mail. He has been in communication with the Court without apparent issue in this basic regard. Second, parties typically show they have made a reasonable attempt to find counsel by writing to several law firms that practice civil rights law on behalf of prisoners, explaining the specifics of this lawsuit, and asking for representation. Copies of those letters sent along with copies of the responses received may then be filed with any renewed motion to request counsel. Any renewed motion should also explain any specifics as to Plaintiff's ability to litigate this case, including his education, legal experience, and any other issues that bear on his ability to represent himself.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew as stated above.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's allegations do not state a claim for relief. Plaintiff is allowed 21 days to file an amended complaint if he believes he can do so consistent with this Order. If Plaintiff does not file an amended complaint then this lawsuit will be dismissed without prejudice.**

Entered this 16th day of January, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
